**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Western Alliance Bank, | No. CV-24-00121-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Goldenrod Capital Partners LP, | |
| Defendant. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Defendant removed this action solely on the basis of diversity jurisdiction. (Doc. 1.) The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

1   On January 17, 2024, Defendant filed the notice of removal, alleging that subject-matter jurisdiction exists due to the parties' diversity. (Doc. 1.)

On January 18, 2024, Defendant filed a notice of errata correcting an inadvertent error in the details of its citizenship (Doc. 6) and an amended notice of removal (Doc. 7).

Defendant's amended notice of removal contains detailed allegations regarding the parties' citizenship for diversity purposes (*id.* ¶¶ 7-18), and Court appreciates Defendant's efforts in this regard. Nevertheless, several errors or omissions must be corrected.

The amended notice of removal correctly identifies the legal standard for alleging the citizenship, for diversity purposes, of unincorporated business associations. (*Id.* ¶ 6.) An unincorporated business association, such as a limited partnership or an LLC, "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016). Pleading the citizenship of all members can be a complicated task. The members of each unincorporated business association must be listed and the citizenship of each affirmatively alleged, using the proper legal standard for each—*i.e.*, alleging the place of domicile[1] for members who are natural individuals, the place of incorporation and principal place of business for members that are corporations, and, if any of the unincorporated business association's members are other unincorporated business associations, the citizenship of each of the member association's members, again using the proper legal standards.

Defendant alleges that it is a limited partnership and that its General Partner is Goldenrod GP I, LLC, the sole member of which is Goldenrod Ventures, LLC, and that the sole member of Goldenrod Ventures, LLC is Goldenrod Companies, LLC. (Doc. 7 ¶¶ 8-9.) So far, so good.

Next, Defendant alleges that Goldenrod Companies, LLC "is owned 49% by the

---

[1] An individual's state of domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59.

Wiegert Family Trust and 51% by the Zachary A. Wiegert 2018 Revocable Trust." (*Id.* ¶ 9.) Defendant alleges that "Zachary A. Wiegert is the primary beneficiary of both the Wiegert Family Trust and Zachary A. Wiegert 2018 Revocable Trust" and that "Zachary A. Wiegert is a resident of Texas," and from this, Defendant concludes that "Goldenrod GP I, LLC is a citizen of Nebraska and Texas."[2]

In the Ninth Circuit, the citizenship of a trust is not determined by the citizenship of its beneficiary (or beneficiaries). Rather, for a traditional trust, "the trustee is the real party in interest, and so its citizenship, not the citizenships of the trust's beneficiaries, controls the diversity analysis." *Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1231 (9th Cir.). Both the Wiegert Family Trust and Zachary A. Wiegert 2018 Revocable Trust appear to be traditional trusts,[3] and therefore the citizenship of the trusts' trustees will determine the citizenship of Goldenrod GP I, LLC. Because the amended removal notice provides no information about the trustees or their citizenship (and, alternatively, does not specify that the Wiegert Family Trust and Zachary A. Wiegert 2018 Revocable Trust are something other than traditional trusts), it is therefore insufficient to establish the existence of diversity jurisdiction.

Separately, Defendant alleges that it has six limited partners and asserts that it "does not have the authority to disclose the identities of most of the limited partners." (Doc. 7

---

[2] Defendant seems to assume that "Goldenrod GP I, LLC is a citizen of Nebraska" because the LLC was "organized under the laws of the state of Nebraska." (Doc. 7 ¶ 9.) This seems to partially conflate the standards for pleading the citizenship of corporations and unincorporated associations. A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). But the "place of incorporation" is not a relevant citizenship consideration in the case of an unincorporated association, as the analysis focuses solely on the citizenship of its members.

[3] A business trust may sue and be sued in its own name. *See, e.g.*, *McLeod v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 2189498, *3 (Ariz. Ct. App. 2017) (unpublished). When an entity is a business trust rather than a traditional trust, the citizenship of the entity is the citizenship of each of its members. *Cf. Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (holding Maryland real estate investment trusts to be unincorporated entities that can sue or be sued in their organizational names).

¶ 10.) Defendant designated the limited partners as "LP I, LP II, LP III, LP IV, LP IV [sic], and LP VI" (*id.*) and offered to "file under seal documents establishing the identity and citizenship of the confidential limited partners, LP II through LP VI" if needed. (*Id.* at 3 n.1.) The notice of removal then alleges facts purporting to establish the citizenship of each limited partner. (*Id.* ¶¶ 11-16.)

Although the Court appreciates Defendant's attempt to identify a creative solution to the confidentiality issue, its proposed approach is untenable. First, as multiple courts have concluded, it is impermissible for a party seeking to invoke a federal court's limited jurisdiction to refuse to disclose, on confidentiality grounds, the true identities of the individuals and entities whose citizenship must be established as part of the diversity analysis. Such disclosure is part of the price of establishing an entitlement to a federal forum. *See, e.g., Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("Champaign Market Place says that one of its members is another limited liability company that 'is asserting confidentiality for the members of the L.L.C.' It is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary. So federal jurisdiction has not been established. The complaint should not have been filed in federal court . . . and the magistrate judge should have checked all of this independently (for inquiring whether the court has jurisdiction is a federal judge's first duty in every case)."); *Master v. Quiznos Franchise Co.*, 2007 WL 419287, *2 (D.N.J. 2007) ("[A]sserting confidentiality for the members is unacceptable . . . .") (cleaned up); *Brown v. Diversified Maintenance Sys., LLC*, 2016 WL 3207712, *4 (W.D.N.Y. 2016) ("[T]he defendant's attempt to avail itself of a federal forum while keeping confidential the members of Diversified Maintenance Systems Holdings, LLC, is not well taken.").

Second, to the extent Defendant offers to disclose the true identities of the limited partners in an under-seal filing, this too is insufficient. Under Ninth Circuit law, the public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). It is difficult to see how

Defendant's assertion that it "does not have authority" to disclose the true identities of the limited partners in a public filing could, alone, qualify as permissible reason for authorizing an under-seal filing. *See, e.g., Wallace v. AmeriPro EMS, LLC*, 2023 WL 7282888, *1 (M.D. Fla. 2023) ("Defendant requests leave to file under seal the names and addresses of certain members of AmeriPro who are 'non-participating confidential members' with only a 'financial interest.' Upon review, the Court finds that the Motion is due to be denied. . . . AmeriPro opted to remove this case to federal court and thus should have known it would be required to disclose this information. Indeed, even aside from the Court's *sua sponte* jurisdictional inquiry, Rule 7.1(2) of the Federal Rules of Civil Procedure expressly requires each party to file a disclosure statement in which it must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party when the action is filed in or removed to federal court. . . . Thus, if AmeriPro wants to keep its ownership secret, it may do so, but one consequence is lack of access to federal courts under the diversity jurisdiction.") (cleaned up).

Finally, putting aside the two deficiencies identified above (*i.e.*, failure to identify the trustees of the trusts that own Goldenrod Companies, LLC and failure to disclose the true identities of all of Defendant's limited partners), the jurisdictional allegations for the limited partners are insufficient in some other respects. The first limited partner, "LP I," is the only one designated by name: Goldenrod Development, LLC. (*Id.* ¶ 11.) Its sole member is Goldenrod Companies, LLC (*id.*), discussed above, and therefore the allegations regarding its citizenship have the same infirmity discussed above—the owner trusts have the citizenship of their trustees, not their beneficiary, yet each beneficiary's citizenship is the only information that has been alleged.

Defendant alleges that LP II is "a Wyoming limited liability company" and that its "sole member is a corporation and such corporation's primary shareholder and president is an individual domiciled in Nebraska." (*Id.* ¶ 12.) From this, Defendant concludes that "LP II is a citizen of Wyoming and Nebraska." (*Id.*) However, if LP II's sole member is a corporation, the only relevant facts as to LP II's citizenship are the place of the member

corporation's incorporation and the location of the member corporation's principal place of business. *Nike*, 20 F.3d at 990. The place where LP II itself was organized is not relevant, nor are any facts regarding where the corporation's primary shareholder and president is domiciled.

LP IV is alleged to be an LLC, and LP VI is alleged to be an unincorporated association (Doc. 7 ¶¶ 14, 16), and therefore their members must be identified and the citizenship of each member alleged. *NewGen*, 840 F.3d at 611. Nevertheless, the citizenship of these entities was alleged as if they were corporations, rather than unincorporated associations.

Finally, the Notice of Removal states: "Plaintiff alleges it is an Arizona corporation. Accordingly, Plaintiff is a citizen of Arizona." (Doc. 7 ¶ 7.) Indeed, the complaint alleges that "Plaintiff is an Arizona corporation, qualified to do and doing business in Arizona." (Doc. 1 at 10.) The Court interprets the assertion that Plaintiff is an "Arizona corporation" as indicating that Arizona is where Plaintiff is incorporated. But that is only half the inquiry for a corporation. The principal place of business must also be pleaded. *Nike*, 20 F.3d at 990.

To cure these various pleading deficiencies, the Court will require Defendant to file an amended notice of removal that affirmatively alleges the parties' citizenship under the correct legal standards. *Star Ins. Co. v. West*, 2010 WL 3715155, *2 (D. Ariz. 2010); *see also NewGen*, 840 F.3d at 612 ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Defendant is advised that failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject-matter jurisdiction.

To ensure that the requirements of subject-matter jurisdiction are met, the Court will also require Plaintiff to file a notice informing the Court of its principal place of business.

…

…

…

Accordingly,

**IT IS ORDERED** that Plaintiff shall file a notice informing the Court of its principal place of business by **January 31, 2024**.

**IT IS FURTHER ORDERED** that Defendant shall file an amended notice of removal properly stating a jurisdictional basis for this action no later than **February 7, 2024.**

**IT IS FURTHER ORDERED** that if Defendant fails to file an amended notice of removal by **February 7, 2024**, the Clerk of Court shall remand this action to state court without further notice.

Dated this 24th day of January, 2024.

_____
Dominic W. Lanza
United States District Judge